**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Ann Shaffer,<br><br>             Plaintiff,<br><br>v.<br><br>Andrew Saul,<br>Acting Commissioner of Social Security,<br><br>             Defendant. | No. CV-18-0608-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b) ("Motion for 406(b) Fees") (Doc. 29). Defendant responded indicating no objection to Plaintiff's motion. Def.'s Statement of Non-Opposition to Pl.'s Mot. for Att'y Fees Under 42 U.S.C. § 406(b) (Doc. 30).

**I.    BACKGROUND**

Plaintiff filed this cause of action for review of the Commissioner of Social Security's decision, pursuant to Sections 405(g) and 1381–1383 of the Social Security Act, Title 42, United States Code. Compl. (Doc. 1). Upon consideration of the parties' stipulated motion for remand, the Court entered its Order (Doc. 25), remanding the matter to the Administrative Law Judge ("ALJ") for an award of benefits as of September 4, 2014.

The Social Security Administration awarded Plaintiff past-due benefits in the amount of $30,704.09. *See* Mot. for 406 (b) Fees (Doc. 29). Plaintiff's counsel seeks an

order awarding him $7,676.02 or 25% of past-due benefits. *See id*. at 4.

## II.  ANALYSIS

### A.  Fees—Generally

Regarding Social Security cases the Supreme Court of the United States has recognized that:

> As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Ibid.* Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822, 152 L.Ed.2d 996 (2002) (alterations in original). Additionally, pursuant to the EAJA, a prevailing Social Security benefits claimant "may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Id.* at 796, 122 S. Ct. at 1822. "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id.* at 796, 122 S. Ct. at 1822 (alterations in original).

### B.  Fee Agreement

"Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht*, 525 U.S. at 808–09, 122 S. Ct. at

1828–29). "[T]he district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149.

Plaintiff executed a Social Security Fee Agreement—Supersedes Prior Agreements outlining counsel's entitlement to fees for his representation of Plaintiff. Mot. for 406(b) Fees (Doc. 29), Exh. "1." The Agreement provides for a contingent fee of "the greater of 25% of any past-due benefits or such amounts as are awarded to my attorney pursuant to the Equal Access to Justice Act (EAJA)." *Id.* This agreement is consistent with the twenty-five (25) percent limit on contingent fee agreements mandated by Section 406(b)(1)(A), Title 42, United States Code, and there is no evidence of fraud or overreaching in its making. In this case, counsel was successful in obtaining a reversal and remand from this Court back to the ALJ for an award of benefits. Having reviewed the case file, the Court finds the fee award should not be reduced based upon the quality of the representation, and Plaintiff's counsel did not engage in dilatory tactics. The Court further finds that counsel provided adequate representation in this matter. Accordingly, the Court finds that the fees are reasonable, and should be awarded.

### C.     EAJA Offset

"The 1985 amendments [to § 206(b) of the EAJA] address the fact that Social Security claimants may be eligible to receive fee[] awards under both the SSA and EAJA, and clarify the procedure that attorneys and their clients must follow to prevent the windfall of an unauthorized double recovery of fees for the same work." *Astrue v. Ratliff*, 560 U.S. 586, 596, 130 S. Ct. 2521, 2528, 177 L.Ed.2d 91 (2010). "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822 (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) (alterations in original). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* at 796, 122 S. Ct. at 1822 (citations omitted). Moreover, "[w]here the court allows a fee, § 406(b) permits the

1  Commissioner to collect the approved fee out of the client's benefit award and to certify
2  the fee for 'payment to such attorney out of' that award." *Ratliff*, 560 U.S. at 596 n. 4,
3  130 S. Ct. at 2528 n. 4 (citing 42 U.S.C. § 406(b)(1)(A)).

   Here, Plaintiff was awarded fees pursuant to the EAJA in the amount of $1,853.91 by Order filed concurrently herewith. As such, the Court will reduce the § 406(b) award by the $1,853.91 amount of the EAJA award to counsel. *See Gisbrecht*, 535 U.S. at 797, 122 S. Ct. at 1822–23 (noting that the amount payable from the past-due benefits is reduced by the EAJA offset); *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (affirming the district court offsetting an EAJA award from a § 406(b) award)).

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1)  Plaintiff's counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 29) is GRANTED; and

(2)  Plaintiff's counsel is awarded fees of $7,676.02, less the $1,853.91 previously awarded under the EAJA, resulting in a net award of $5,822.11.

Dated this 14th day of July, 2020.

Honorable Bruce G. Macdonald
United States Magistrate Judge